The object of the Act of 1816 seems sufficiently clear ; in what manner it can be carried into effect has presented questions of more difficulty. Mechanics and handi-crafts-men were employed by the proprietors of land, to erect, or improve buildings, and having expended their labor, skill, and materials, in the performance of their contract, discovered, too late, that they had only contributed a fund to pay the other creditors of the proprietor, while they were themselves remediless. The purpose of the Act was to give a lien to the mechanic, on the building which he had erected, or improved; on the other hand, the law does not favor secret liens, and the contract, therefore, was declared to create no lien, until it had been recorded. This building contract has been sometimes called a mortgage, but inaccurately. The mortgage is itself a lien, and derives no efficacy, as such, from being recorded, as was held in Ashe vs. Livingston, where an unrecorded mortgage was preferred to an execution. A building contract has none of the characteristics of a mortgage. It may not be intended by either of the parties to create a lien. It may never become a lien. It may become a lien without the knowledge of the party, on whose property it is a charge. The lien is created by recording, and becomes such from the date of the record. The Charleston Hotel Company contracted with Jacob Small, to complete the hotel, for one hundred and ten thousand dollars. He was to furnish every thing. In pursuance of his arrangement, he made contracts with various individuals, and, among the others, with the complainant, to do the plastering, <fcc. The contract bears date, *432 1st January, 1837, and, on the same day, the following endorsement was executed: “As president of the Charleston Hotel Company, I guarantee the payment of this agreement, on the part and behalf of the above named Jacob Small.
(Signed) ALEX. BLACK, L. S.
President Charleston Hotel Company.
Witness. (Signed,) George W. Logan.”
It was sufficiently proved that the complainant would not have entered into the contract without this guaranty on the part of the company. The contract was not recorded until 25th February, 1838. The work of the complainant was completed, and amounted, in value, as he alleges, to about $20,000, of which he had received about {$11,000, leaving due to him, a balance, exceeding $8,000. In the great conflagration of the 27th April, 1838, the building was consumed, and had been insured, and the company received the amount. A new hotel was af-terwards erected, on the foundation of the former edifice, which foundation, with cisterns, (fee., still remained. In order to proceed with the work, they negotiated a loan with the defendant, the Bank of the State, under what is termed the Fire Loan Act, executing a mortgage, (fee., on 21st January, 1839, to secure their bond, in the penal sum of $150,000. In May, 1839, a sum in promi-sory notes, was also borrowed from the other defendants, T. Street and others, and a mortgage executed to secure them. For the view taken by the Court, it may be only necessary to consider the rights of complainant, under the Act of 1816. It has been suggested, that by virtue of that act, a lien may be created, when the party may never have intended to encumber his property. By executing the contract, (which is no lien,) he places it in the power of the mechanic to acquire a specific lien, by recording the contract, where the contract is between the mechanic find the proprietor of the premises his may be only equitable, and it is enough for the Court that such is the law. It has been stated, that Mr. Small made an original contract with the company for the entire work. That contract, recorded, would have created a lien. Had Mr. Small been the proprietor of the premises, his contract with the complainant, being recorded, would have become a lieu. But the Court can find no authority for extending this lien beyond a con *433 ■tract made by the mechanic with the proprietor of the premises, to erect, repair, or improve buildings thereon, A party should not be construed to give a specific lien, when none is created by his own deed, unless it exists by the usages of trade, or the express provisions of law. The contract for plastering, Ac., was between the complainant and Jacob Small. If lie had thought proper to advance to the complainant, half of the supposed_estimate of his contract, and the complainant had wholly neglected to proceed, it was manifestly an affair between themselves, in which the company could have no remedy against the complainant, and in which the complainant's neglect would have been no reply to the claim of the company against Mr. Small. But the answer of the defendant is conclusive. The original contract of complainant could not have been with the company, or they would not have been required to guaranty it. If the contract had been recorded before the company had given the guarantee, it might have been argued, that the company must have been then aware that the contractor, Small, had thereby attempted to create a lien on the premises, and that, having subsequently .guarantied the contract so recorded, they would be estop-ped from denying that he had authority from them. But the contract with Small was not placed on record until about nine months after the guarantee had been executed by the company, at the date of the contract; and of the guarantee, á lien does not appear to have been contemplated by either of the parties.
Bentham & Hunt, for the motion.
Bailey & Brewster, contra,
The original contract of the complainant was with Small. To this contract alone, the law of 1816 gives the efficacy of a lien, after it has been recorded. The undertaking of tlie company is collateral. They would become •liable, in the event of Small’s default. It does not appear to the Court, that this undertaking gives to the complainant any advantage beyond that of a general creditor. It presents no case which would entitle him to the extraordinary aid of this Court and the bill must be dismissed.
From this decree, the complainant appealed; but the motion was refused ; the whole Court concurring.